UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| STEVEN MILLER | ) | CIVIL ACTION NO. 1:12-cv-1126 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | |
| COLLECTO, INC. dba EOS CCA | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the North Carolina Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58-70-90 *et seq.*, and alternatively, the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat § 75-50 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Steven Miller ("Plaintiff"), is a natural person who at all

1

relevant times resided in the State of North Carolina, County of Rowan, and City of Spencer.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), N.C. Gen. Stat. § 58-70-90(2), and N.C. Gen. Stat. § 75-50(1).

6. Defendant, Collecto, Inc. dba EOS CCA ("Defendant") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), N.C. Gen. Stat. § 58-70-90(3), and N.C. Gen. Stat. § 75-50(2).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90(1).

9. Alternatively, Defendant is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

**FACTUAL ALLEGATIONS**

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Plaintiff, via his counsel, sent written correspondence dated February 8, 2011 to Collecto, Inc. dba EOS CCA ("EOS"), and in such correspondence, notified EOS that Plaintiff was represented by counsel. [Notice Ltr-EOS CCA]

14. Upon information and good-faith belief, EOS received Plaintiff's notice of representation on or about February 16, 2011.

15. Despite having received Plaintiff's notice of representation, and in connection with the collection of an alleged debt in default, EOS sent written communication dated July 9, 2012 directly to Plaintiff, and in such communication, stated in relevant part:

"TOTAL DUE: **$183.70**" [Dunn ltr from EOSCCA re TMobile]

16. Attached to the written communication dated July 9, 2012 by EOS, was the July 2012 statement by TMobile, which stated in relevant part:

"Previous Balance $ 183.70
**Total Past Due $ 183.70
(Due Immediately)**
One Time Charges $ 5.00
**Total Current Charges $ 5.00
Current Charges Due By 8/03/12
Grand Total $ 188.70**" [TMobile July 2012 Statement]

17. T-Mobile's July 2012 statement stated a balance of $188.70, while EOS' written communication dated July 9, 2012, stated a balance of $183.70, thus

3

misrepresenting the character, amount, or legal status of the alleged debt.

18. Plaintiff's counsel did not consent to any direct communication with Plaintiff.

19. At no time did Plaintiff's counsel fail to respond within a reasonable period of time to a communication from EOS.

20. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

21. Plaintiff repeats and re-alleges each and every allegation above.

22. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel, when Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and when Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in

this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

23. Plaintiff repeats and re-alleges each and every allegation above.

24. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

5

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

25. Plaintiff repeats and re-alleges each and every allegation above.

26. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff, including, but not limited to: misrepresenting the amount of the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF N.C. GEN. STAT. § 58-70-110(4)

27. Plaintiff repeats and re-alleges each and every allegation above.

28. Defendant violated N.C. Gen. Stat. § 58-70-110(4) by falsely representing the character, extent, or amount of a debt against Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated N.C. Gen. Stat. § 58-70-110(4);

  b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

  c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF N.C. GEN. STAT. § 58-70-115(3)

29. Plaintiff repeats and re-alleges each and every allegation above.

30. Defendant violated N.C. Gen. Stat. § 58-70-115(3) by communicating with Plaintiff directly when it had been notified by Plaintiff's attorney that Plaintiff was represented.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated N.C. Gen. Stat. § 58-70-115(3);

  b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby demands a trial by jury.

DATED this 18th day of October, 2012.

Respectfully submitted,

/s/ Holly E. Dowd
Holly E. Dowd (N.C. Bar No. 37533)
Weisberg & Meyers, LLC
409A Wakefield Dr.
Charlotte, NC 28209
(888) 595-9111 ext. 260
(866) 565-1327 (fax)
hdowd@attorneysforconsumers.com

ATTORNEYS FOR PLAINTIFF

*Please send correspondence to the address below*

Holly E. Dowd
**Weisberg & Meyers, LLC**
5025 N. Central Ave. #602
Phoenix, AZ 85012

8